UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HOWARD BRAND

    Plaintiff,

    v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Defendant.

Civil Action No. 04-01133

**MEMORANDUM OPINION**

Defendant moves to dismiss this action claiming that the amount in controversy is insufficient to support this Court's diversity jurisdiction. Defendant asserts that jurisdiction fails because Plaintiff's contractual claim, alleged in Count I of Plaintiff's complaint, is limited to the amount of $30,000, and because the law does not recognize the tort claim asserted in Count II of the Complaint. For the following reasons the Court **GRANTS** Defendant's motion to dismiss Count II for failure to state a claim upon which relief can be granted. The Court also **GRANTS** Defendant's motion to dismiss Count I for lack of jurisdiction.

**FACTUAL BACKGROUND**

Plaintiff, Howard Brand, resident of the District of Columbia, is seeking relief for property damage as well as physical and mental injuries allegedly caused by an collision of Plaintiff's vehicle with an uninsured motorist's vehicle.  Plaintiff alleges that his automobile was insured by Defendant, Government Employees Insurance Company ("GEICO").  Compl. at 7-9.  GEICO is incorporated and has its principal place of business in the State of Maryland.  Compl. at 3.

Plaintiff made a claim, under the uninsured motorist provision of his insurance, to GEICO, seeking payment for his health care costs, lost time from work and property damage.  Compl. at 10.  GEICO did not pay Plaintiff's insurance claim.  Compl. at 11.  Plaintiff has admitted that his contract damages are limited to recovery of $30,000 ($25,000 bodily injury and $5,000 property damage) under the provisions of his insurance contract regarding uninsured motorist coverage. Pl.'s Resp. De.'s Suppl. Br. at 1.

Plaintiff also alleges that the operator of the vehicle that struck Plaintiff's automobile misrepresented to the investigating police officer the facts as to how the collision occurred.  Plaintiff further alleges that the operator of the other vehicle stated to the police officer and to the Plaintiff that he had auto insurance coverage when this was not in fact true.  Compl. at 12.

Plaintiff alleges that based on the entirety of the

information provided to the Defendant by the Plaintiff, the denial of the Plaintiff's insurance claim was "arbitrary and capricious." Compl. at 25.  Furthermore, Plaintiff claims that GEICO failed to conduct a reasonable investigation into the facts of the collision. Compl. at 26.  As a result, Plaintiff's claim alleges both a breach of contract (Count I) and a bad faith insurance tort (Count II). Plaintiff seeks total compensatory damages of $250,000, attorneys' fees and costs of suit under Count I and punitive damages of $750,000 under Count II. Plaintiff asserts that his complaint states a claim that is within this Court's diversity jurisdiction.

**DISCUSSION**

**I.  Standard of Review**

In reviewing a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will dismiss a complaint only if the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  However, the Court "need not accept inferences drawn by the plaintiffs if such inferences are unsupported by facts set out in the complaint." Kowal v. MCI Commc'ns Corp., 16 F. 3d. 1271, 1276 (D.C. Cir. 1994).

Federal courts are courts of limited jurisdiction and "possess

only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Serv. Inc., 124 S. Ct. 2611, 2616-17 (2005) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)); Hunter v. District of Columbia, 384 F. Supp. 2d 257,260 (D.D.C. 2005). Federal jurisdiction in civil actions between citizens of different states is only exercised when the amount in controversy exceeds $75,000, exclusive of costs and interest. See 28 U.S.C. §1332(a) (2000). Additionally, the plaintiff bears the burden of establishing the Court's jurisdiction. Adelman v. UAL Inc., 932 F. Supp. 331, 332 (D.D.C. 1996)(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

When the Court inquires into the satisfaction of the amount in controversy requirement, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (footnotes omitted). According to the law of this Circuit, the "Supreme Court's yardstick demands that courts be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction." Hunter, 384 F. Supp. at 260 (quoting Rosenboro v. Kim, 994 F. 2d 13, 17 (D.C. Cir. 1993)).

Because the insurance contract in the case at bar limits the

damages to $30,000, for the Court to have jurisdiction, said jurisdiction must be based on Plaintiff's claims for punitive damages or attorneys' fees.

## II. Count II

### A. Bad Faith Refusal to Pay an Insurance Claim

Plaintiff's claim for punitive damages is based on his allegation that Defendant denied his insurance claim in bad faith. Specifically, Plaintiff claims that he sustained damages of mental and emotional distress, lost wages, medical care costs, property damage costs, inconvenience, attorneys' fees and costs of suit, all due to Defendant's bad faith denial of his insurance claim. To analyze such a claim, a federal court sitting in diversity will apply the choice of law rules of the forum state or district. Cambridge Holdings Group, Inc. v. Fed. Ins. Co., 357 F. Supp. 2d 89, 93 (D.D.C. 2004) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Both parties agree that District of Columbia law applies.

If it is unclear whether the District of Columbia recognizes a tort of bad faith refusal to pay an insurance claim, the role of this Court is to predict how the District of Columbia Court of Appeals would decide the issue. Whitaker v. Washington Metro Area

04-CV-01133                                                         Page 6

Transit Auth., 889 F. Supp. 505, 506-7 (D.D.C. 1995).

The Courts of District of Columbia are split as to the recognition of a tort of bad faith refusal to pay an insurance claim. Compare Washington v. Gov't Employees Ins. Co., 769 F. Supp 383, 387 (D.D.C. 1991) ("GEICO") ("District of Columbia law does not recognize the tort of bad faith denial of an insurance claim.")[1] with Washington v. Group Hospitalization, Inc., 585 F. Supp. 517, 520 (D.D.C. 1984) (the District of Columbia is among the "many jurisdictions [that] have recognized a cause of action in tort for the bad faith refusal of an insurer to pay."). To the extent that such a tort is recognized, however, a plaintiff "must show that defendant did not have a reasonable basis for denying benefits under the policy and that it knew or recklessly disregarded its lack of a reasonable basis when it denied the claim." Washington v. Group Hospitalization, 585 F. Supp. at 520.

The notion of a bad faith insurance tort stems from the duty of good faith that is implied in all contracts. District of Columbia law recognizes that "all contracts contain an implied duty of good faith and fair dealing, which means that 'neither party shall do anything which will have the effect of destroying or

---

[1] The court in GEICO did find in the alternative that "even if the Court were to recognize the tort of bad faith refusal to pay," the plaintiff in that case did not present sufficient evidence allowing her to recover under this theory, or to survive summary judgment. 769 F. Supp. at 387.

injuring the right of the other party to receive the fruits of the contract.'" Cambridge Holdings Group, 357 F. Supp. 2d at 95 (quoting Paul v. Howard Univ., 754 A. 2d 297, 310-11 (D.C. 2000)). Nevertheless, the District of Columbia, and the courts thereof, have been reluctant to either find or recognize a claim for bad faith refusal to pay insurance benefits. See, e.g., Messina v. Nationwide Mut. Ins. Co., 998 F. 2d 2, 4 (D.C. Cir. 1993); Cambridge Holdings Group, 357 F. Supp. 2d at 96; Am. Nat'l Red Cross v. Travelers Indem. Co. of R.I., 896 F. Supp. 8, 12 n.4 (D.D.C. 1995) ("ARC II").

In Messina, the Court of Appeals for the District of Columbia noted that "[t]he D.C. Court of Appeals has not squarely addressed the question of whether bad faith denial of an insurance claim constitutes an independent tort under D.C. law." Messina, 998 F. 2d at 4. Messina noted specifically the directly opposite holdings of GEICO, 769 F. Supp. at 387, and Washington v. Group Hospitalization, 585 F. Supp. at 520. Messina, 998 F. 2d at 4. After Messina was decided, however, the District Court for the District of Columbia clarified this issue. In ARC II, the District Court expressed the view that the better approach was that of the holding in GEICO, in which the Court held that District of Columbia law does not support a bad faith failure to pay an insurance claim. ARC II, 896 F. Supp. at 12 n.4. This view was later cited

approvingly by Am. Nat'l Red Cross v. Travelers Indem. Co. of R. I.,924 F. Supp. 304, 307 n.5 (D.D.C. 1996) ("ARC III"). The determination, in ARC II, that the District of Columbia does not recognize a common law tort claim of bad faith failure to pay insurance, rested on a comparison of the reasoning behind the two major cases on the recognition of the tort, comparing GEICO, 769 F. Supp. at 387 with Washington v. Group Hospitalization, 585 F. Supp. at 520.

The holding in GEICO was based on several factors. In GEICO, Judge Flannery found that the contrary holding in Washington v. Group Hospitalization (that such a tort is recognized) was based on a mis-reading of the holding of Cont'l Ins. Co. v. Lynham, 293 A.2d 481 (D.C. 1972). GEICO,769 F. Supp. at 386. Judge Flannery determined that the issue presented in Lynham was not the recognition of a tort of bad faith refusal to pay (and therefore the Court did not decide that issue) but rather was "whether the award of attorneys' fees was justified." GEICO, 769 F. Supp. at 386 (citing Lynham 293 A. 2d. at 484). Consequently, as noted in GEICO, "[t]he Lynham decision does not create the tort of bad faith refusal to pay. . . ." Id.

The holding in GEICO also rested upon an analysis of the District of Columbia Code, namely "that District of Columbia statutory law does not recognize a cause of action in tort based

upon an insurer's bad faith failure to pay an insurance claim." Id.[2] The court reasoned that because a statutory remedy for overdue benefits was provided, the statutory remedy was intended to be the particular remedy in the case of the non-payment of an insurance claim. Id. The Court found the lack of a statutory private cause of action to be telling in light of the fact that there are states that do provide statutorily for such a cause of action. GEICO, 769 F. Supp. at 386-87.

Finally, the court in GEICO, observed that in the intervening period between Washington v. Group Hospitalization and the decision

---

[2]This analysis is based on the fact that the D.C. statute provides a remedy when an insurer fails to pay insurance benefits, specifically, D.C. Code Ann. § 35-2110(c)(1981) now codified at D.C. Code Ann. § 31-2410(c)(2001). This provision, however, is entitled "*Penalty for overdue payment of personal injury protection benefits."* The Code defines, in § 31-2404, "personal injury protection benefits" as additional insurance, over and above required insurance, that each insurer "shall offer to each person required to have insurance under this chapter . . . ." D.C. Code Ann. § 31-2401(2001). Required benefits are detailed in § 31-2406, as "(i) property damage liability; (ii) third-party personal liability; and (iii) uninsured motorist protection." D. C. Code Ann. § 31-2406(a)(1)(D)(2001). The section further states that "each insurer shall offer optional personal injury protection insurance required by § 31-2404 and underinsured motor vehicle coverage as required by this section." Id. Therefore, §31-2410(c) distinguishes between additional insurance, for which it provides a remedy, and required benefits, including uninsured motorist coverage. Additionally, this review of the statute indicates that the provisions of §31-2410(c) regarding payments for overdue payments of personal injury protection benefits are limited to that optional coverage that District of Columbia motorists may purchase and that uninsured motorist coverage is not optional.

in GEICO at least two District of Columbia cases found that District of Columbia law did not recognize a cause of action for the tort of bad faith failure to pay insurance. GEICO, 769 F. Supp. at 387 (citing Clayton v. Gov't Employees Ins. Co., Civ. No. 88-1310 (D.C. May 8, 1989); Washington Hosp. Center Corp. v. Smith, Civ. Nos. 746-85 & 815-83 (D.C. Super. Ct. Mar. 23, 1987)). Specifically, the court in Washington Hosp. Center found that "District of Columbia law does not recognize a cause of action of bad faith insurance claim denial between insurer and insured, and does not recognize a tort claim for alleged breach of contract." GEICO, 769 F. Supp. at 387 (quoting Washington Hosp. Center Civ. Nos. 746-85 & 815-813 at 3).

Despite the two cases cited in GEICO, in 1996 the District of Columbia Court of Appeals declined to reach the issue of whether the bad faith denial of an insurance claim is recognized as a separate tort. State Farm Mut. Auto. Ins. Co. v. Hoang, 682 A. 2d 202, 208 (D.D.C. 1996) ("even if this court recognized a separate tort of bad faith denial of an insurance claim, an issue we do not decide here . . ."). However, the Hoang court's analysis of the bad faith insurance claim seems to indicate that such a claim would have to be of the nature of the tort argued in Sere v. Group Hospitalization, Inc., 443 A.2d 33, 37 (D.C. 1982) discussed below, where the tort is not an independent one, but one formed by the

04-CV-01133                                                      Page 11

merger of a breach of contract with an intentional tort. <u>Hoang</u>, 682 A. 2d at 208-09.

Turning to Maryland law, because Maryland common law is the basis from which District of Columbia common law arose, <u>Napoleon v. Heard</u>, 455 A. 2d 901, 903 (D.C. 1983) (Maryland is the "source of the District's common law and an especially persuasive authority when the District's common law is silent"), it appears that a common law tort claim for bad faith denial of an insurance claim would not lie in Maryland. As in the District of Columbia, Maryland has very strong language regarding the implied covenant of good faith to be found in all contracts. Although Maryland has recognized a tort of bad faith failure of an insurer to settle (or in investigating claims), <u>Berkshire Life Ins. Co. v. Md. Ins. Admin.</u>, 791 A. 2d 942, 960 (Md. Ct. Spec. App. 2002), such a claim was recognized based on a specific reading of the statutory prohibition of unfair trade practices in the health-care insurance industry and rulings made by the Insurance Commissioner. <u>Berkshire Life Ins.</u>, 791 A. 2d at 960. The Court of Special Appeals of Maryland has specifically found that Maryland "has not recognized a bad faith claim against an insurer in the first-party context, that is holding an insurer liable in tort for failing to pay an underinsurance claim." <u>McCauley v. Suls</u>, 716 A 2d 1129, 1133 (Md. Ct. Spec. App. 1998). The lack of a separate tort of bad faith

refusal of an insurance claim in Maryland lends further support to the absence of such a common law claim in the District of Columbia.

<u>Washington v. Group Hospitalization</u> is the one case that holds affirmatively that the tort of bad faith refusal to pay an insurance claim is recognized in the District of Columbia. In the period after the holding in <u>Washington v. Group Hospitalization</u>, the courts of the District of Columbia, and of this Circuit, have either not recognized the tort or have demonstrated a reluctance to do so. Given the persuasiveness of the analyses of <u>ARC II</u> and <u>GEICO</u> this court finds that the District of Columbia does not currently recognize a claim for the bad faith denial of insurance.

B. Punitive Damages for refusal to pay insurance claim.

As the cause of action for the tort of bad faith denial of an insurance claim does not lie, Plaintiff does not have a basis with which to assert a claim for punitive damages. The law of the District of Columbia does not favor punitive damages for a breach of contract. <u>Sere</u>, 443 A.2d at 37. Punitive damages are generally not awarded for a breach of contract action, "even if the breach is willful, wanton OR malicious." <u>GEICO</u>, 769 F. Supp at 388 (citing <u>Washington v. Group Hospitalization</u>, 585 F. Supp. at 521). There is, however, a narrow exception to this general rule, namely,

when "the alleged breach of contract 'merges with, and assumes the character of a willful tort.'" <u>Sere</u>, 443 A.2d at 37; <u>Brown v. Coates</u>, 253 F.2d 36, 39) (D.C. Cir. 1958) ("where a breach of contract merges with, and assumes the character of, a wilful tort, calculated rather than inadvertent, flagrant, and in disregard of obligations of trust punitive damages may be assessed.").

Plaintiff alleges that the Bad Faith Insurance Claim of Count II is such a willful tort, therefore providing a basis for the claim for punitive damages. The breach of contract, however, cannot assume the character of a willful tort, if the tort it is merging with is not recognized. From the language of Plaintiff's claim, in which Plaintiff pleads that Defendant "oppressively, maliciously, wantonly, and with a willful disregard of Plaintiff's rights failed and refused to pay Plaintiff," Compl. at 27, it appears that Plaintiff's pleading is similar to the language used in <u>Sere</u> i.e., "[t]he defendant's tortious conduct must have been outrageous, characterized by malice, wantonness, gross fraud, recklessness, or willful disregard of the plaintiff's rights." <u>Sere</u>, 443 A.2d at 37 (citations omitted). However, the court in <u>Sere</u> further clarified that in a breach of contract claim, "punitive damages will not lie even if it is proved that the breach was willful, wanton or malicious." <u>Id.</u>

In <u>Sere</u> itself the breach was not found to be "extreme and

04-CV-01133                                                        Page 14

outrageous" nor even tortious. Id. at 38. Rather, in Sere the complaint alleged a breach of contract which "merge[d] with, and assume[d] the character of the tort of intentional infliction of severe emotional distress." Id. at 37 (internal citations omitted). In this instance, Plaintiff has not pled that the breach of contract merged with any tort other than the bad faith insurance claim. As a result, the Plaintiff's claim for punitive damages cannot rest on his breach of contract claim.

**III.  Count I**

Section 1332(a) of Title 28 of the United States Code provides that in actions based on diversity of citizenship jurisdiction, the amount or value of the matter in controversy must exceed $75,000 exclusive of interest or costs. "The general rule is that attorneys fees do not count towards the amount in controversy unless they are allowed for by statute or contract." Federated Mut. Ins. Co., v. McKinnon Motors, LLC., 329 F. 3d 805, 808 n.4 (11th Cir. 2003).

In Srour the Court found that "[a]s a matter of first impression . . . attorney fees are generally an improper vehicle for obtaining federal diversity jurisdiction." Srour, 670 F. Supp. at 22. Srour explains, "the Supreme Court has held that 'the policy of the [diversity statute] calls for strict construction.'"

04-CV-01133                                                    Page 15

Id. (citing Healy v. Ratta, 292 U.S. 263, 270 (1934)).  As such, "[t]he recovery of attorney fees will nearly always be collateral to a substantive matter in controversy." Id.; see also Walker v. Waller 267 F. Supp. 2d 31, 33 (D.D.C. 2003) ("[I]n the absence of an applicable substantive law that would require, or even grant the Court discretion, to award attorneys fees, the undersigned finds no authority for including speculative attorneys fees in the amount in controversy.").

Other courts have reached this result.  See Velez v. Crown Life Ins. Co., 599 F. 2d 471, 474 (1st Cir. 1979) ("As a general rule, attorney's fees are excludable in determining the matter in controversy because, normally, the successful party does not collect his attorney's fees in addition to or as part of the judgment."). In the case before the court, there is no statutory authority for the recovery of attorneys' fees,[3] nor was it agreed to contractually.  Plaintiff argues that attorneys' fees are

---

[3] One case, Messina v. Nationwide Mut. Ins., seemed to find that attorneys' fees were statutorily authorized in an uninsured motorist claim. 998 F. 2d at 5 (citing to D.C. Code Ann. § 35-2110(e)(1)(1981) now codified at D.C. Code Ann. § 31-2410(e)(2001)). As explained in note 2 above, the provisions of this particular section of the code refer to "representing a claimant in an action for *personal injury protection* benefits which are overdue." (Emphasis added).  Plaintiff's claim is under the uninsured motorist provision, and not for personal injury protection benefits.  As such, the statutory basis for attorneys' fees in this instance does not exist.

04-CV-01133                                                          Page 16

allowable in the District of Columbia in actions against insurance companies. However, the cases to which Plaintiff cites are premised on the duty to defend exception, and not on seeking attorneys' fees in an action to recover under breach of contract. Instead, the cases all refer to attorneys' fees that were recoverable as a result of a duty to defend, not as attorneys' fees recoverable in a breach of contract case.

The 'duty to defend' exception, which the Plaintiff tries to invoke, is that "an insured is entitled to fees incurred as a result of his insurer's breach of a duty to defend." <u>Harris v. Howard Univ., Inc.</u>, 48 F. Supp. 2d 43, 46 (D.D.C. 1999). This exception, which several states recognize, is based upon "the rule that the indemnified party may recover attorney's fees and expenses incurred in resisting the indemnified claim." <u>Safeway Stores, Inc. v. Chamberlain Protective Servs.</u>, 451 A. 2d 66, 70 (D.C. 1982).

The 'duty to defend' arises in those scenarios when the insurance company pays for attorneys' fees incurred in defending the Plaintiff when Plaintiff is sued by a third party. The duty to defend arises from the contract itself, and does not arise from defending an alleged breach of contract. "The standard liability policy gives the insurer exclusive control over the investigation, litigation, and settlement of claims against the insured . . . . The insurer therefore owes a duty to the insured . . . ."

McCauley, 716 A. 2d at 1133 (quoting Johnson v. Fed. Kemper Ins. Co., 536 A. 2d 1211, 1213 (Md. Ct. Spec. App. 1988)).  When it is a first-party claim "the insured 'retains all rights to control any litigation necessary to enforce the claim . . . the situation is [therefore] a traditional dispute between the parties to a contract.'"  McCauley, 716 A. 2d at 1133-34 (quoting Johnson, 536 A. 2d at 1211).

Plaintiff's claim here is not based on the insurer breaching a contractual duty to defend. Nor is the Plaintiff alleging that there was a bad faith failure to conduct a reasonable investigation.  Instead, Plaintiff's claim is based on an alleged breach of contract, which Plaintiff can bring an action to enforce. In such an instance, attorneys' fees are not recoverable.  Because attorneys' fees are generally not a means through which to meet the minimum amount in controversy, and Plaintiff's claim for attorneys' fees does not meet one of the recognized exceptions to this general rule, Count I fails to meet the amount in controversy requirement.

## CONCLUSION

Count II must be dismissed due to failure to state a claim upon which relief can be granted, and therefore Plaintiff's claim for punitive damages fails.  Count I, and therefore the entire action, must be dismissed for a lack of subject matter

04-CV-01133                                                      Page 18

jurisdiction, as attorneys' fees cannot be added to the contractually limited liability of $30,000 in order to meet the amount in controversy requirement. Accordingly, Defendant's motion to dismiss this action for failure to state a claim upon which relief can be granted, and lack of subject matter jurisdiction, is **GRANTED**.

/S/ Donald C. Pogue
DONALD C. POGUE
UNITED STATES DISTRICT JUDGE[4]

November 29, 2005

---

[4] The Honorable Donald C. Pogue, Judge for the United States Court of International Trade, sitting by designation.